# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:05CV445 |
| Plaintiff, | Judge Beckwith |
| VS. | Magistrate Black |
| **UNIVERSITY HOSPITAL, INC.,** | |
| Defendant. | |

## DEFENDANT UNIVERSITY HOSPITAL, INC.'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, University Hospital, Inc. ("University Hospital"), hereby submits its answers, objections and responses to Plaintiff's First Set of Interrogatories. University Hospital objects generally to the production of any information that are confidential, that are immune from discovery under the attorney-client privilege, the work product doctrine or federal or state statutes protecting the confidentiality of educational records, or that contain individually identifiable health care records.

## INTERROGATORIES

1. Identify each person who has knowledge of each fact alleged in the defendant's answer and counterclaim, designating what fact or facts each such person has knowledge of and in what paragraph of the complaint that fact is alleged. Also identify all documents that you contend

supports each such factual allegation, associating each such document with the fact it is alleged to support.

> **RESPONSE:** University Hospital objects to this request. As courts have recognized in other cases, such blanket (e.g. "any," "all," "every," "each") discovery requests are objectionable. The Plaintiff's request is particularly overbroad and burdensome because there are thousands of residents, the relevant time period covers seven years, and the contention blankets (e.g. "any," "all," "every," "each") every aspect of the Answer and Counterclaim.

2.     State each fact the defendant relies on to contend that it is not liable for the FICA tax on the amounts paid to the residents during the period in issue.

> **RESPONSE:** University Hospital objects to this request. As courts have recognized in other cases, such  blanket (e.g. "any," "all," "every," "each") discovery requests are objectionable. The Plaintiff's request is particularly overbroad and burdensome because there are thousands of residents, the relevant time period covers seven years, and the contention blankets (e.g. "any," "all," "every," "each") the global issue of whether University Hospital is liable for FICA taxes.

3.    Identify each document the defendant relies on to support its contention that it is not liable for the FICA tax on the amounts paid to the residents during the period in issue.

> **RESPONSE:** University Hospital objects to this request. As courts
> have recognized in other cases, such blanket (e.g. "any," "all,"
> "every," "each") discovery requests are objectionable. The Plaintiff's
> request is particularly overbroad and burdensome because there are
> thousands of residents, the relevant time period covers seven years,
> and the contention blankets (e.g. "any," "all," "every," "each") every
> aspect of the Answer and Counterclaim.

4.    If you are unable to unconditionally admit any of the UNITED STATES' FIRST REQUESTS FOR ADMISSIONS TO THE DEFENDANT numbered 1-46, then for each such request that you are unable to unconditionally admit, state the following:

> (a)   The request number;
>
> (b)   Every reason why you are unable to unconditionally admit such request;
>
> (c)   All facts you rely on to support your denial of each such request;
>
> (d)   The identity of all documents you rely on to support your denial of each such request; and
>
> (e)   The names of all persons who have knowledge of the reasons and facts set forth in 4(b,c) above.
>
> **RESPONSE:** University Hospital objects to this request. As courts
> have recognized in other cases, such blanket (e.g. "any," "all,"
> "every," "each") discovery requests are objectionable. The Plaintiff's

approach to discovery is particularly overbroad, burdensome and vexatious in the context of this case in which there are thousands of residents and the relevant time period covers seven years.

5.    For each resident who participated in any of the residency programs, please list, by year in issue, the following:

(a)    The resident's name and social security number;

(b)    The program(s) in which he/she participated;

(c)    Whether he/she was a chief resident, postdoctoral fellow, research fellow, clinical fellow, biomedical researcher or a medical resident;

(d)    The most current mailing address for each resident listed in 5(a) that you are aware of;

(e)    The most current telephone number for each resident listed in 5(a) that you are aware of;

(f)    The year or years during which the resident participated in the program; and

(g)    Whether he or she has given the defendant a consent to sue on his or her behalf for a refund of his or her portion of the FICA taxes in issue in this case.

**RESPONSE:** Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to University Hospital's resident files referred to in University Hospital's initial disclosures. These documents, other than the confidential educational records of the residents and individually identifiable healthcare information, will be made available for inspection and copying, subject to an appropriate protective order. The production of the

4

confidential educational records of the residents and individually
identifiable healthcare information would not lead to the discovery of
admissible information.

6.    To the extent not previously provided, state every fact and identify every document
you rely on to support your contention in paragraph 7 of your counterclaim that "at all relevant
times, the medical residents were students within the meaning of 26 U.S.C. §3121(b)(10) . . . "

> **RESPONSE:** University Hospital objects to this request. As courts
> have recognized in other cases, such blanket (e.g. "any," "all,"
> "every," "each") discovery requests are objectionable. The Plaintiff's
> approach to discovery is particularly overbroad, burdensome and
> vexatious in the context of this case in which there are thousands of
> residents and the relevant time period covers seven years.

7.    To the extent not previously provided, state every fact and identify every document
you rely on to support your contention in paragraph 7 of your counterclaim that "University
Hospital was a school, college, or university within the meaning of 26 U.S.C. §3121(b)(10) . . ."

> **RESPONSE:** University Hospital objects to this request. As courts
> have recognized in other cases, such blanket (e.g. "any," "all,"
> "every," "each") discovery requests are objectionable. The Plaintiff's
> approach to discovery is particularly overbroad, burdensome and

vexatious in the context of this case in which there are thousands of

residents and the relevant time period covers seven years.

8.     To the extent not previously provided, state every fact and identify every document you rely on to support your contention in paragraph 7 of your counterclaim that "at all relevant times, the amounts paid to the medical residents were not wages."

> **RESPONSE:** University Hospital objects to this request. As courts
> have recognized in other cases, such blanket (e.g. "any," "all,"
> "every," "each") discovery requests are objectionable. The Plaintiff's
> approach to discovery is particularly overbroad, burdensome and
> vexatious in the context of this case in which there are thousands of
> residents and the relevant time period covers seven years.

9.     To the extent not previously provided, state every fact and identify every document you rely on to support your contention in paragraph 8 of your counterclaim that "at all relevant times, the amounts paid to the medical residents were scholarships, stipends, grants, or fellowships for training and not 'payments for services' within the meaning of 26 U.S.C. § 117(c)."

> **RESPONSE:** University Hospital objects to this request. As courts
> have recognized in other cases, such blanket (e.g. "any," "all,"
> "every," "each") discovery requests are objectionable. The Plaintiff's
> approach to discovery is particularly overbroad, burdensome and

6

vexatious in the context of this case in which there are thousands of

residents and the relevant time period covers seven years.

10.    To the extent not previously provided, state every fact and identify every document

you rely on to support your contention in paragraph 3 of the DEFENSES section of your Answer

and Counterclaim that all elements of the student status requirement of IRC §3121(b)(10) have been

met with respect to the University Hospital residents.

> **RESPONSE:** University Hospital objects to this request. As courts
>
> have recognized in other cases, such blanket (e.g. "any," "all,"
>
> "every," "each") discovery requests are objectionable. The Plaintiff's
>
> approach to discovery is particularly overbroad, burdensome and
>
> vexatious in the context of this case in which there are thousands of
>
> residents and the relevant time period covers seven years.

11.    Describe in detail the organizational structure of the defendant (e.g., it is a subsidiary

or parent of another corporation or is governed by the same group as another organization) and

identify any charts or other graphic depictions of its organization.

> **RESPONSE:** University Hospital objects to the request that it
>
> identify "any charts or graphical depictions" that might relate to its
>
> organization. Such a request is overly broad and burdensome.
>
> Notwithstanding this objection, University Hospital states that it is a

public benefit corporation and a member of The Health Alliance of
Greater Cincinnati. It is not the parent or subsidiary of any other
organization. Because it is not a parent or subsidiary of any
organization, there are no charts or graphic depictions suggesting the
contrary.

12. Describe in detail any agreements, whether written or otherwise, to which the
defendant is a party relating to the University Hospital residency programs and identify all
documents evidencing those agreements.

> **RESPONSE:** University Hospital objects to the request that it
> identify "any" written or oral agreement that "relates" to University
> Hospital's residency program. Because the education of residents is
> central to University Hospital, all agreements that affect University
> Hospital could be viewed as relating to the residency program.
> Notwithstanding this objection, University Hospital, pursuant to Rule
> 33(a) of the Federal Rules of Civil Procedure, refers the Plaintiff to
> University Hospital's resident files referred to in University
> Hospital's initial disclosures. These documents, other than the
> confidential educational records of the residents and individually
> identifiable healthcare information, will be made available for
> inspection and copying, subject to an appropriate protective order.
> The production of the confidential educational records of the

8

residents and individually identifiable healthcare information would not lead to the discovery of admissible information. In addition, University Hospital refers Plaintiff to the affiliation agreements referred to in University Hospital's initial disclosures.

13.    With respect to each specialty or subspecialty offered in the residency program, state the following for each year of the period in issue:

    (a)    Its name; and

    (b)    The name of each staff or attending physician assigned to each specialty or subspecialty.

**RESPONSE:**

(a) Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to the documents referred to in University Hospital's initial disclosures, subject to an appropriate protective order.

(b) University Hospital objects to this discovery request because the term "staff or attending physician" is ambiguous and subject to various interpretations.

14.    Describe in detail the methodology used to compute the amounts paid to the residents for each of the years during the period in issue.

    **RESPONSE:** Among residents enrolled in programs sponsored by

University Hospital, the amount that one resident receives as compared to the amount that another receives depends primarily upon his or her year in the residency program.

15.    Describe in detail the educational opportunities available at the defendant to the residents.

**RESPONSE:** University Hospital objects to the unreasonable breadth of this request.  This case involves over forty separate Graduate Medical Education programs over a period of seven years. Notwithstanding this objection, to the extent that Plaintiff is seeking to discover the identity of the programs offered and the related ACGME requirements, pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to the documents referred to in University Hospital's initial disclosures, subject to an appropriate protective order.

16.    State whether the medical residents were covered by professional liability insurance (malpractice insurance). If so, state the following:

    (a)    Who underwrote the policy;

    (b)    The amount of the premiums paid by each resident, if any;

    (c)    The policy limits; and

(d)     Whether this was the same policy that covered other health care providers at the defendant.

**RESPONSE:** Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to the documents referred to in University Hospital's initial disclosures, subject to an appropriate protective order.

17.     State whether the residents were covered by Ohio Workman's Compensation laws. If so, state in detail the nature of each claim made by any resident under those laws during the period in issue.

> **RESPONSE:** University Hospital objects to this interrogatory as calling for a legal conclusion.

18.     State whether the residents were eligible for any benefits, such as leave (sick, vacation, etc.), health and dental insurance, short and long-term disability, life insurance, participation in a retirement plan, employee assistance programs, costs of cleaning uniforms, parking, meal subsidies and tuition reimbursement plans. If so, describe in detail each such benefit, stating which entity (for example, University Hospital) provided each benefit and what cost, if any, was charged the resident for each such benefit. State also whether these benefits were made available to other employees at the defendant and if so, whether those employees were charged a fee to obtain such benefits.

> **RESPONSE:** Pursuant to Rule 33(a) of the Federal Rules of Civil

11

Procedure, University Hospital refers the Plaintiff to the documents referred to in University Hospital's initial disclosures, subject to an appropriate protective order.

19.     Prior to the claims for refund being filed in this case, state how long you, or any predecessor organization, had treated the residents' payments as wages from employment subject to the FICA tax. Also state every reason why you changed the tax treatment of these payments and identify all documents that reflect the reasons for making the change in the FICA tax treatment of the residents.

**RESPONSE:** During the period 1997-2004, University Hospital erroneously paid FICA taxes on amounts paid to residents. Prior to January 1, 1997, University Hospital was not a nonprofit organization but an instrumentality of the State of Ohio.

20.     Do you contend that University Hospital is the common law employer of the residents for the period in issue? If you do not contend that University Hospital is the common law employer of the residents for the period in issue, state who you contend is the common law employer of the residents for the period in issue and state every fact and identify every document you rely on to support that contention. Also identify each person who has personal knowledge of these facts, stating what fact or facts each individual has personal knowledge of.

**RESPONSE:** University Hospital contends that the amounts paid to

University Hospital medical residents were scholarships, stipends, grants, or fellowships for training and not "payments for services" within the meaning of 26 U.S.C. § 117(c). University Hospital objects to the request that it identify each fact, document, or person that supports its contention. As courts have recognized in other cases, such blanket (e.g. "any," "all," "every," "each") discovery requests are objectionable. This request is particularly overbroad, burdensome and vexatious in the context of this case in which there are thousands of residents and the relevant time period covers seven years. University Hospital objects to the request that it identify "any" written or oral agreement that "relates" to University Hospital's residency program.

21.     State how much per resident the defendant received from HCFA (Medicare) for direct and indirect payments for Graduate Medical Education for each year during the period in issue. State whether these payments include reimbursement for the FICA taxes in issue in this case. Identify each document that you consulted in determining these amounts.

> **RESPONSE:** Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to documents produced, subject to an appropriate protective order.

22.     For each postgraduate year (PGY) within each specialty and subspecialty, state the approximate number of hours per week each resident devoted to patient care and the approximate number of hours per week each resident devoted to formal classroom instruction (didactic training). State in detail the method or methods used to compute these hours and identify all documents relied upon to make these determinations.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Responding to this request would require hundreds of thousands of separate calculations.

23.     For the period in issue, state the number of patients admitted to the defendant per year and the number of patient days per year during the period in issue.

> **RESPONSE:** Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to documents produced, subject to an appropriate protective order.

24.     Do you contend that the primary purpose of the defendant is to educate residents rather than provide patient care? If so, state every fact and identify each document that you rely on to support this contention.

> **RESPONSE:** This request assumes that one can divorce graduate medical education from patient care. In reality, actual care in the

14

service of patients is inherent in the educational process. University

Hospital's primary purpose for offering Graduate Medical Education

is to educate residents but it does not contend that it is operated

exclusively for the purpose of educating residents.

25. Do you contend that University Hospital is a "school, college or university" within the meaning of Internal Revenue Code §3121(b)(10)? If so, state every fact and identify each document you rely on to support this contention.

**RESPONSE:** University Hospital contends that it is a college, school

or university under § 3121(b)(10). University Hospital objects to this

request that it identify each fact and document that it relies upon. As

courts have recognized in other cases, such blanket (e.g. "any," "all,"

"every," "each") discovery requests are objectionable. The Plaintiff's

approach to discovery is particularly overbroad, burdensome and

vexatious in the context of this case in which there are thousands of

residents and the relevant time period covers seven years.

26. Identify all cases, such as by party name, docket number, court, etc., whether such case is an administrative, judicial or other proceeding, that began in the last twenty years, whether or not such case was tried or otherwise resolved, in which the defendant has been a party and in

15

which one of the issues was, directly or indirectly, whether a resident was an employee of the defendant.

> **RESPONSE:** University Hospital objects to the production of any information outside of 1997-2004 as not reasonably calculated to the discovery of admissible evidence. University Hospital also objects to the vagueness of this request for information related to whether the employment status indirectly was an issue. University Hospital is not aware of any such case but such matters would be a matter of public record and therefore equally accessible to the Plaintiff.

27.    State whether each residency program was accredited by ACGME. If one or more such programs was not so accredited, state which one(s) was (were) not so accredited. For each residency specialty or subspecialty so accredited, describe its ACGME educational program requirements and identify all documents that describe such requirements.

> **RESPONSE:** All programs at issue were accredited by ACGME, other than the Maternal Fetal Medicine program and the Reproductive Endocrinology program which are programs that lead to board certification as defined by the ABMS.

**RESPONSE:** Pursuant to Rule 33(a) of the Federal Rules of Civil

Procedure, University Hospital refers the Plaintiff to the documents

referred to in University Hospital's initial disclosures.

31.     With respect to residency programs, other than the one in issue, that sent residents to University Hospital, state how reimbursement or compensation was effected for those residents' rotation services and whether you provided medical malpractice insurance for such residents. Also identify all documents that show how these reimbursements were accomplished.

**RESPONSE:** Pursuant to Rule 33(a) of the Federal Rules of Civil

Procedure, University Hospital refers the Plaintiff to the documents

referred to in University Hospital's initial disclosures.

32.     With respect to attending physicians at the defendant during the period in issue, please state the following:

(a)     All necessary requirements to be an attending physician;

(b)     The name of each attending physician, by year, during the period in issue;

(c)     The name of each such attending physician who had a faculty appointment at a medical school or college and the name of the institution where the faculty appointment is held; and

(d)     Whether the institution granting the faculty appointment compensated the attending physician for faculty services and the means by which such physician was compensated for services performed at the defendant.

**RESPONSE:** With respect to subparts (a), (b) and (c), University

18

28.    Was any union, such as the Committee of Interns and Residents, active at the defendant during the period in issue? If so, state the name of the union and identify the union's representative.

>   **RESPONSE:** University Hospital objects to the vagueness of the
>   word "active." Notwithstanding this objection, University Hospital
>   states that in 1997 the members of the University of Cincinnati House
>   Staff Association voted to dissolve the association.

29.    Did the defendant treat the residents as employees for Ohio state employment tax purposes during the period in question? If so, state each fact and identify all documents that support treating the residents for Ohio state employment tax purposes as employees. If not, state each fact and identify all documents that support treating the residents for Ohio state employment tax purposes as other than employees.

>   **RESPONSE:** University Hospital withheld amounts designated for
>   state income tax for the residents whose FICA payments are at issue
>   in this case.

30.    With respect to each rotation site, other than University Hospital, used in the residency programs at issue in this case, state how reimbursement or compensation was effected for the residents' rotation services. Also identify all documents that show how these reimbursements were accomplished.

Hospital refers the Plaintiff to documents that it will make available for inspection and copying. With respect to (c), University Hospital does not track this information. With respect to (d), University Hospital notes that it generally understands that the University of Cincinnati compensates its faculty for faculty services but lacks the specificity that the University of Cincinnati possesses regarding these arrangements.

33.     State whether you participated in HCFA's Medicare GME Demonstration Project. If so, identify all copies of documents relative to your participation in the project.

**RESPONSE:** No.

34.     Identify any and all persons who the defendant has retained or specifically employed to provide expert testimony and/or whose duties as an employee of the defendant regularly involve giving expert testimony in cases of the type present here (hereinafter referred to as "testifying expert"). With respect to each testifying expert, and in addition to the written report required to be produced pursuant to Fed. R. Civ. P. 26(a)(2)(B) for each such testifying expert, state the subject matter on which each such testifying expert is expected to testify; summarize the substance of the opinions as to which each such testifying expert is expected to testify, including the grounds, bases and reasons for such opinions; identify and/or summarize the data or other information considered by each such testifying expert in forming his or her opinions including all documents and research

materials relied on or consulted; identify each exhibit to be used as a summary of or support for each such testifying expert's opinions, including but not limited to any charts, graphs, tables, photographs, drawings or any other exhibits, whether prepared by, for or on behalf of such testifying expert; summarize the qualifications of each such testifying expert, including a list of all publications authored by such expert within the preceding ten (10) years; identify the contract that sets forth the compensation to be paid for each such testifying expert's study and testimony; and identify any other cases in which such expert has testified as an expert at trial or by deposition within the preceding four (4) years. Also identify all electronic mail messages sent or received by each testifying expert that is in any way related to his or her retention by the defendant as an expert witness in this case, including the preparation of his or her report and/or testimony. Also identify all drafts and notes of any reports prepared by the testifying expert in connection with his employment by the defendant as an expert witness. A draft report is defined as the initial draft report as well as any subsequent report or reports for which there has been any change, no matter how small or insignificant, from the most recent prior draft report.

> **RESPONSE:** University Hospital has not retained or specifically employed any testifying expert. University Hospital also objects to any disclosure requests that are inconsistent with the scheduling order in this case or Rule 26 of the Federal Rules of Civil Procedure.

35. Identify any and all persons who the defendant has retained or specifically employed to serve as a consulting expert in the above-captioned action.

**RESPONSE:** University Hospital objects to this request as inconsistent with the scheduling order in this case and Rule 26 of the Federal Rules of Civil Procedure.

36.     Identify any and all persons with whom the defendant and/or its representatives have communicated in order to retain the services of an expert, whether a testifying or consulting expert, in the above-captioned action, including a brief description of the type of expert services sought.

**RESPONSE:** University Hospital objects to this request as inconsistent with the scheduling order in this case and Rule 26 of the Federal Rules of Civil Procedure.

37.     Describe in detail the process by which each resident is selected for participation in the residency programs held at University Hospital during the period in issue. Identify each document that is considered in determining whether or not to accept a prospective resident's application and identify the person or persons who are responsible for deciding which applicants to accept into one of the defendant's residency programs.

**RESPONSE:** The ACGME establishes the eligibility requirements for all residents. University Hospital ensures that its programs select from among eligible applicants on the basis of their preparedness, ability, aptitude, academic credentials, communication skills, and personal qualities such as motivation and integrity. The programs

21

also do not discriminate with regard to sex, race, religion, color, national origin, disability, or veteran status.  In selecting among qualified applicants, most of the programs participate in the National Resident Matching Program.

38.    Identify each person who has any responsibility for the Graduate Medical Education program at the defendant and describe each such person's responsibilities in the program.

> **RESPONSE:** Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, University Hospital refers the Plaintiff to documents produced.

39.    Did the defendant make the salary/stipend payments to the residents in issue? If not, state who made such payments.

> **RESPONSE:** Medicare is the ultimate grantor of the stipends.  The Health Alliance of Greater Cincinnati did pay amounts to the residents, acting as a payroll agent on behalf of University Hospital, the sponsor of the residency programs.

40.    Identify any and all persons who assisted in the preparation of the responses to these interrogatories as well as the requests for admission and the requests for production of documents

served upon the defendant contemporaneously herewith, identifying which response(s) each such person assisted in preparing.

> **RESPONSE:** University Hospital objects to the production of information about the individuals associated with the response to the requests for admissions. Those responses were signed by counsel and not by the party as authorized by Rule 36 of the Federal Rules of Civil Procedure. Such information is immune from discovery on the grounds of the attorney-client privilege and work product doctrine. Dr. Andrew Filak, Susan Greenwood-Clark and Aaron Hershberger participated in the preparation of the other discovery responses.

Respectfully submitted,

Ted T. Martin (0014204)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Tel.: (513) 929-3400
Fax: (513) 929-0303
e-mail: **tmartin@bakerlaw.com**

Attorney for Defendant
University Hospital, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2005, a copy of the foregoing was served upon the following via First Class Mail, postage prepaid:

Stephen T. Lyons, Esq.
Elizabeth Lan Davis, Esq.
Tax Division
U.S. Department of Justice
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Donetta D. Wiethe, Esq.
Assistant U.S. Attorney
221 East Fourth Street, Suite 400
Cincinnati, OH 45202

Ted T. Martin (0014204)

## VERIFICATION

The undersigned hereby verifies that the answers to the foregoing Interrogatories are true and accurate to the best of her knowledge based upon her recollection and documents reviewed.

University Hospital, Inc.

By: _Susan Greenwood-Clark_

Susan Greenwood-Clark

Its:    Director, Medical Education and Research

State of Ohio          )
                       )     ss.
County of              )

Subscribed and Sworn to before me, a Notary Public, by Susan Greenwood-Clark, this 30 day of November, 2005.

My Commission Expires: 4/21/10          _Brenda S. Taylor_

Notary Public

BRENDA J. TAYLOR
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 04-21-10

90468, 00030, S00956484.4

25