UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:05CV445 |
| Plaintiff, | Judge Beckwith |
| VS. | Magistrate Black |
| **UNIVERSITY HOSPITAL, INC.,** | |
| Defendant. | |

## DEFENDANT UNIVERSITY HOSPITAL, INC.'S RESPONSES
## TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, University Hospital, Inc. ("University Hospital"), hereby submits its answers, objections and responses to Plaintiff's First Set of Requests for Production of Documents. University Hospital objects generally to the production of any documents that are confidential, that are immune from discovery under the attorney-client privilege, the work product doctrine or federal or state statutes protecting the confidentiality of educational records, or that contain individually identifiable health care records.

### REQUESTS FOR PRODUCTION

1.     All documents identified in the defendant's responses to the United States' First Set of Interrogatories to the Defendant.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a

mutually convenient time, after the parties have put in place an appropriate protective order.

2.    All documents used, reviewed, or relied upon by the defendant and/or its counsel in preparing responses to the United States' First Set of Interrogatories to the Defendant and the United States' First Requests for Admissions to the Defendant.

> **RESPONSE:** University Hospital objects to any request for documents or things relied upon by counsel as protected by the attorney-client privilege and the work product doctrine.  Non-privileged information used, reviewed, or relied upon by Susan Greenwood-Clark who signed the interrogatories will be made available for inspection and copying at University Hospital after the parties have put in place an appropriate protective order.

3.    All consents executed by individuals who were included on any claims for refund of tax submitted by the defendant for any calendar quarter during the period in question, all statements in support thereof, and all other related documents.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

4.    All correspondence between the defendant and present or former medical residents relating to any claims for refund of FICA taxes for the period in issue.

> **RESPONSE:** University Hospital objects to this request as overbroad. Notwithstanding this objection, University Hospital will make non-privileged correspondence specifically referring to the FICA claim in this case available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

5.    The defendant's articles of incorporation, charter, articles of association, or similar document, and any amendments thereto that were in effect at any time during the period in issue.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a mutually convenient time.

6.    All by-laws of the defendant that were in effect at any time during any part of the period in issue.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a mutually convenient time.

3

7.    All affiliation agreements between the defendant and any other institution, including, but not limited to colleges, universities, hospitals, and other medical facilities, that were in effect at any time during any part of the period in question, that concern medical residents.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

8.    All applications or other documents related to accreditation of any of the medical residency programs at the defendant during any part of the period in question from the Accreditation Council on Graduate Medical Education ("ACGME").

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information.   University Hospital also states that the Program Information Forms are in the possession, custody or control of the University of Cincinnati and/or ACGME.

9.    All applications or other documents related to accreditation of any medical residency programs at the defendant during any part of the period in question from any accrediting body other than the ACGME.

> **RESPONSE:** University Hospital objects to this request as overly

broad and not reasonably calculated to lead to the discovery of admissible information. University Hospital also states that the Program Information Forms are in the possession, custody or control of the University of Cincinnati and/or ACGME.

10.     All agreements or other documents related to the defendant's participation in the National Resident Matching Program.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

11.     All documents related to any state authorization applied for or received by the defendant to provide post-secondary education at any time since 1992.

> **RESPONSE:** University Hospital objects to the phrase "any state authorization" as vague and ambiguous. ACGME accreditation is a factor considered by Ohio law in a number of circumstances, including with respect to licensing of physicians. University Hospital shall make available for inspection and copying the Institution Review Document during the period 1997-2004 after the parties have put into place an appropriate protective order.

12.    The personnel file for each medical resident who was at the defendant during any part of the period in question, including all performance appraisals and evaluations.

> **RESPONSE:** University Hospital objects to the phrase "personnel file" as vague and ambiguous. Notwithstanding this objection it shall make available the residents files (without the confidential educational records and any individually identifiable information) referred to in University Hospital's initial disclosures after the parties have put into place an appropriate protective order.

13.    Any and all other files that were maintained on an individualized basis for any medical resident who was at the defendant during any part of the period in question, such as, without limitation, workers compensation files, malpractice claim files, malpractice insurance files, or benefits files.

> **RESPONSE:** University Hospital objects to this request as not reasonably calculated to lead to the discovery of admissible information.

14.    All contracts and agreements, including employment contracts and House Staff Appointment Agreements such as Graduate Medical Education Contracts, between the defendant and any medical resident who was at the defendant during any part of the period in question.

> **RESPONSE:** University Hospital objects to the phrase "house staff"

6

as vague and ambiguous and "employment contracts" as inaccurate. Notwithstanding this objection, University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time sample contracts with the residents whose FICA payments are at issue in this case.

15. All employment contracts between the defendant and any attending physician at the defendant who supervised their residents, covering any part of the period in question.

**RESPONSE:** University Hospital objects to this request because it ignores that University of Cincinnati supervises the residents.

16. All House Staff Manuals and medical resident manuals in effect at the defendant during any part of the period in question.

**RESPONSE:** University Hospital objects to the term "House Staff Manuals" as vague and ambiguous.

17. All agreements or other documents, including policy statements, related to moonlighting by medical residents at the defendant during any part of the period in question, including any logs, books or records maintained by the defendant regarding resident moonlighting.

**RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a

mutually convenient time, after the parties have put in place an appropriate protective order.

18.    All position descriptions for medical residents and attending physicians at the defendant during any part of the period in question.

> **RESPONSE:** University Hospital shall make available for inspection and copying at University Hospital at a mutually convenient time the Graduate Medical Education Directory for 1997-2004.

19.    All time sheets or similar activity reports for all medical residents who were at the defendant during any part of the period in question.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. Notwithstanding this objection, University Hospital will make available time sheets for residents whose FICA payments are at issue in this case for the periods for which it has retained these records.

20.    All medical malpractice insurance policies held by the defendant during any part of the period in question.

> **RESPONSE:** University Hospital will make these documents

available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

21.    All workers compensation claims made by any medical resident at the defendant regarding any injury that occurred at any time during the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad, not reasonably calculated to the discovery of admissible information, and containing individually identifiable healthcare information.

22.    All written class or course descriptions and all lists of course offerings related to classes or courses offered to medical residents at the defendant at any time during the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information.

23.    All class registration forms completed by medical residents at the defendant during the period in question.

**RESPONSE:** University Hospital objects to this request as overly

broad and not reasonably calculated to the discovery of admissible information. In addition, University Hospital objects to the production of information protected from disclosure under federal or state statutes protecting the confidentiality of educational records.

24.    All attendance records reflecting attendance by medical residents at classes or courses at the defendant during the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. In addition, University Hospital objects to the production of information protected from disclosure under federal or state statutes protecting the confidentiality of educational records.

25.    All documents related to any fellowship grants received by the defendant during the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information.

26.    All documents related to any fellowship grants received by any resident at the defendant during the period in question.

**RESPONSE:** University Hospital objects to this request as overly

broad and not reasonably calculated to the discovery of admissible

information.

27.     All Graduate Medical Education Program Agreements in effect during any part of the

period in question.

**RESPONSE:** University Hospital objects to the phrase "Graduate

Medical Education Program Agreements" as vague and ambiguous.

28.     All receipts for payments made by medical residents to the defendant during the

period in question, including, but not limited to, receipts for payments for tuition, books, housing,

health insurance coverage, student-activity fees, library fees, laboratory fees, or any other fees.

**RESPONSE:** University Hospital objects to this request as overly

broad and not reasonably calculated to the discovery of admissible

information.

29.     All written policies and procedures regarding limitations on patient services

provided by medical residents in effect at the defendant during any part of the period in question.

**RESPONSE:** University Hospital shall make available for inspection

and copying at University Hospital at a mutually convenient time the

Graduate Medical Education Directory for 1997-2004.

30.   All financial statements of the defendant for the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad. Notwithstanding this objection, University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order, its annualized, audited financial statements for the period 1997-2004.

31.   All records and reports of grades given to medical residents in classes or courses at the defendant during the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. In addition, University Hospital objects to the production of information protected from disclosure under federal or state statutes protecting the confidentiality of educational records.

32.   Copies of all written exams given to medical residents at the defendant during the period in question.

**RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. In addition, University Hospital objects to the

production of information protected from disclosure under federal or state statutes protecting the confidentiality of educational records.

33. All records pertaining to Medicare payments made to the defendant that are related to services provided by medical residents during the period in question.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. Notwithstanding this objection, University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order, its Medicare Cost reports for the period 1997-2004.

34. All medical malpractice claims made against the defendant or against medical residents at the defendant that relate to services provided by medical residents during the period in question.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information.

35. All agreements or written understandings that were in effect at any time since 1992 between the defendant and the State of Ohio, the City of Cincinnati, Ohio, or any other municipal corporation, regarding services to be provided by the defendant or its role in the health-care system of the City of Cincinnati or Southwest Ohio generally.

> **RESPONSE:** University Hospital objects to this request as overly broad and not calculated to lead to the discovery of admissiable evidence. Notwithstanding this objection, University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time a 1997 lease with the University of Cincinnati.

36. All documents relating to participation by any medical resident at any time during the period in question in any 401(k) plan, 403(b) plan, 457 plan, or other retirement-benefit plan.

> **RESPONSE:** University Hospital objects to the requested information as not reasonably calculated to lead to the discovery of admissible information.

37. With respect to any 401(k) plan, 403(b) plan, 457 plan, or other retirement benefit plan that was in effect at the defendant during any part of the period in question, all documents describing or defining what persons are or were eligible to participate in such plan.

> **RESPONSE:** University Hospital will make available for inspection

and copying at University Hospital at a mutually convenient time and place a summary plan description of such plans.

38. All manuals, handbooks, lists of standards, regulations, or similar written descriptions that distinguish among the services that were permitted to be provided to the patients of the defendant, at any time since 1992, by medical residents and the services that were permitted to be provided by attending physicians.

> **RESPONSE:** University Hospital objects to the production of any documents prior to 1997 as not reasonably calculated to lead to the discovery of admissible information. University Hospital also objects to this request as overly broad.

39. All manuals, handbooks, lists of standards, regulations, or similar written descriptions that distinguish among the services that were permitted to be provided to the patients of the defendant, at any time since 1992, by one class or group of medical residents and the services that were permitted to be provided by any other class or group of medical residents.

> **RESPONSE:** University Hospital objects to the production of any documents prior to 1997 as not reasonably calculated to lead to the discovery of admissible information. University Hospital also objects to this request as overly broad.

40. All manuals, handbooks, lists of standards, regulations, or similar written descriptions that distinguish among the services that were permitted to be provided to patients at the defendant, at any time since 1992, by any person designated as a chief resident (or person holding any title or status similar to that of chief resident) and the services that were permitted to be provided by any other resident.

**RESPONSE:** University Hospital objects to the production of any documents prior to 1997 as not reasonably calculated to lead to the discovery of admissible information. University Hospital also objects to this request as overly broad.

41. All minutes of meetings held by the defendant's board of directors, executive management council and all boards and committees overseeing the defendant's Graduate Medical Education program, during the period in issue.

**RESPONSE:** University Hospital objects to this request on the grounds that the phrase "the defendant's board of directors, executive management council and all boards and committees overseeing the defendant's Graduate Medical Education program" is vague and ambiguous. This request also is overly broad. Notwithstanding this objection, University Hospital will make available for inspection and copying those portions of the records of meetings of its Board of Directors meetings referring to its residency programs and the records of meetings of the Graduate Medical Education Committee. These

16

documents will be available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

42.    All documents that in any way show why the defendant changed its long-standing position that medical residents were subject to the FICA tax.

>    **RESPONSE:** University Hospital objects to this request as argumentative and inaccurate. University Hospital also objects to a blanket request for all documents that reflect its position on whether it is obligated to pay FICA taxes as overly broad. University Hospital also objects to the production of documents related to consultants who are not expected to testify and who were retained or specially employed in anticipation of litigation or preparation for trial.

43.    A copy of the defendant's Policy and Procedures Manual, or equivalent, for the period in issue.

>    **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible information because it seeks the production of all documents that may contain any policies or procedure, regardless of the subject of those policies or procedures.

44. Copies of any brochures and other informational literature sent by the defendant to prospective applicants to the residency programs of the defendant during the period in issue.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. Notwithstanding this objection, University Hospital shall make available for inspection and copying the information on Web sites describing the residency programs at issue in this case.

45. Any document created by the defendant during the period in issue in which a resident is referred to as a student.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information. To comply with this request would require University Hospital to examine millions of pages of documents in its possession.

46. A sample copy of a certificate of completion or similar document each resident or fellow receives upon the successful completion of his or her residency or fellowship. Producing one copy for each specialty or subspecialty will be a sufficient answer to this request.

> **RESPONSE:** University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order, the

residents' files referred to in its initial disclosures.

47.   A copy of the defendant's Graduate Staff Officers Personnel Policies Manual, or equivalent, for the period in question.

> **RESPONSE:** University Hospital does not issue a manual with such a title.

48.   A sample copy of the resident appointment letters, accepting the application of a resident, used by the defendant during the period in question, for each residency program.

> **RESPONSE:** University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time, a sample appointment letter sent to the residents upon acceptance into the program as defined by the University of Cincinnati.

49.   Copies of any training guides, manuals, lecture materials or other documents used during the period in question by the defendant to provide information to attending physicians, medical residents or other hospital staff regarding the procedures to be followed for billing for Medicare Part B fees for services that involve medical residents.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to the discovery of admissible information.

50.   Copies of the defendant's guides, manuals or other documents that discuss the institution's "on call" policies.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible information.

51.   Copies of any documents regarding professional liability coverage for residents that were sent to residency program applicants or given to residents during the period in question by the defendant.

> **RESPONSE:** University Hospital objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible information. Notwithstanding this objection, University Hospital shall make available for inspection and copying sample documents advising residents of professional liability coverage.

52.   Copies of all documents submitted by the defendant to Medicare in order to receive reimbursement for direct and indirect Medical Education payments during the period in issue.

> **RESPONSE:** University Hospital will make available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order, its Medicare costs reports for the period 1997-2004.

53.    For each residency program at the defendant, that is accredited by the ACGME, a copy of the ACGME program requirements.

> **RESPONSE:** University Hospital shall make available for inspection
>
> and copying at University Hospital at a mutually convenient time the
>
> Graduate Medical Education Directory for 1997-2004.

54.    To the extent not previously requested, all documents that reflect the standards of the ACGME with respect to each specialty for the period in issue.

> **RESPONSE:** University Hospital shall make available for inspection
>
> and copying at University Hospital at a mutually convenient time the
>
> Graduate Medical Education Directory for 1997-2004.

55.    A typical written daily schedule for one resident in each specialty or subspecialty for each rotation during the period in issue.

> **RESPONSE:** University Hospital objects to this request as not
>
> reasonably calculated to lead to the discovery of admissible
>
> information.    In addition, University Hospital objects to the
>
> production of information protected from disclosure under federal or
>
> state statutes protecting the confidentiality of educational records.

21

56. A schedule, by postgraduate year (PGY), of the stipend or salary paid each resident for each year during the period in issue.

> **RESPONSE:** University Hospital will make these documents available for inspection and copying at University Hospital at a mutually convenient time, after the parties have put in place an appropriate protective order.

57. To the extent not previously produced, all documents that support your contention in paragraph 7 of your counterclaim that "at all relevant times, the medical residents were students within the meaning of 26 U.S.C. §3121(b)(10)...."

> **RESPONSE:** University Hospital objects to this request. As courts have recognized in other cases, such blanket (e.g. "any," "all," "every," "each") discovery requests are objectionable. The Plaintiff's request is particularly overbroad and burdensome because there are thousands of residents and the relevant time period covers seven years.

58. To the extent not previously produced, all documents that support your contention in paragraph 7 of your counterclaim that "University Hospital was a school, college, or university within the meaning of 26 U.S.C. §3121(b)(10) ... ."

> **RESPONSE:** University Hospital objects to this request. As courts

22

have recognized in other cases, such blanket (e.g. "any," "all,"
"every," "each") discovery requests are objectionable. The Plaintiff's
request is particularly overbroad and burdensome because there are
thousands of residents and the relevant time period covers seven
years.

59.　　To the extent not previously produced, all documents that support your contention in paragraph 7 of your counterclaim that "at all relevant times, the amounts paid to the medical residents were not wages."

**RESPONSE:** University Hospital objects to this request. As courts
have recognized in other cases, such blanket (e.g. "any," "all,"
"every," "each") discovery requests are objectionable. The Plaintiff's
request is particularly overbroad and burdensome because there are
thousands of residents and the relevant time period covers seven
years.

60.　　To the extent not previously produced, all documents that support your contention in paragraph 8 of your counterclaim that "at all relevant times, the amounts paid to the medical residents were scholarships, stipends, grants, or fellowships for training and not 'payments for services' within the meaning of 26 U.S.C. §117(c)."

**RESPONSE:** University Hospital objects to this request. As courts

23

have recognized in other cases, such blanket (e.g. "any," "all," "every," "each") discovery requests are objectionable. The Plaintiff's request is particularly overbroad and burdensome because there are thousands of residents and the relevant time period covers seven years.

Respectfully submitted,

Ted T. Martin (0014204)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, OH 45202-4074
Tel.:   (513) 929-3400
Fax:    (513) 929-0303
e-mail: **tmartin@bakerlaw.com**

Attorney for Defendant
University Hospital, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2005, a copy of the foregoing was served upon the following via First Class Mail, postage prepaid:

Stephen T. Lyons, Esq.
Elizabeth Lan Davis, Esq.
Tax Division
U.S. Department of Justice
Civil Trial Section, Northern Region
P.O. Box 55
Ben Franklin Station
Washington, DC 20044

Donetta D. Wiethe, Esq.
Assistant U.S. Attorney
221 East Fourth Street, Suite 400
Cincinnati, OH 45202

Ted T. Martin (0014204)

90468, 00030, 500957071.4