UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:05-cv-445 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNIVERSITY HOSPITAL, INC., | : | |
| | : | |
| Defendant. | : | **ORDER** |

This case is before the Court on a motion by plaintiff United States of America ("United States" or "the government") to compel responses to interrogatories and the production of documents by defendant University Hospital, Inc. ("UHI"). (Doc. 18.) The matter has been referred to the undersigned magistrate judge, who conducted a hearing on the motion on July 26, 2006.

The United States brought this action to recover refunds of employment taxes paid to UHI and relating to quarterly tax periods in 1999 and 2000. UHI filed a counterclaim for a refund of FICA taxes and interest paid in quarterly tax periods for 1997, 2001, 2002, 2003, and the first quarter of 2004.

The case revolves around the issue of whether medical residents at UHI were "students" or "employees" and, thus, whether the payments they received were non-compensatory scholarships for training or were wages for services rendered. UHI contends that the residents' payments were received as non-compensatory scholarships

under § 117 of the Internal Revenue Code ("IRC").  In the alternative, UHI argues that even if the payments were not scholarships, the payments are excepted from the definition of employment pursuant to the student exception found in IRC § 3121(b)(10).

On April 7, 2006, the United States filed the present motion to compel responses to outstanding discovery requests.  (Doc. 18.)  The government seeks:  (1) "complete" responses to interrogatories; and (2) the production of documents responsive to its requests.  Ruling on the motion to compel was stayed pending review of a motion for summary judgment, also filed by the United States.  (*See* Docs. 17, 28.)  On July 13, 2006, the stay was lifted, and the motion was referred to the undersigned.  (Doc. 29.)

UHI agrees to produce documents that are responsive to the government's request for production but will do so only pursuant to a protective order.  The government agrees that the issuance of a protective order is appropriate.  The parties disagree, however, as to certain provisions to be included in such an order.

The parties further agree that issues concerning the protective order need be resolved prior to resolving the discovery disputes underlying the motion to compel, insofar as the production of documents may lead to the resolution of those disputes.

Each party has submitted a proposed protective order.  (*See* Docs. 18-6; 20-18). The proposed orders differ in three significant areas.

First, the order proposed by UHI designates three categories of "Confidential Information": (1) individually identifiable healthcare information; (2) individually

identifiable residents' information relating to their participation in the residency program sponsored by UHI (other than Directory Information); and (3) UHI's financial information. (*See* Doc. 20-18 at ¶ 1). However, the United States objects to including financial records in the designation of Confidential Information. (*See* Doc. 18-6 at ¶ 1.)

Second, the order proposed by the United States provides that only such documents that a party designates as confidential shall be referred to as "Confidential Information." (*See* Doc. 18-6 at ¶ 1.) UHI objects to a requirement for the pre-production designation of confidentiality as to individual, discrete documents, or portions thereof, due to the sheer number of documents involved.

Third, and most importantly, the government's proposed order includes the following provision, to which UHI objects:

> This order does not prohibit or otherwise restrict a party from disclosing information protected by this order that is relevant to any civil or criminal action to any Federal or State agency with authority to enforce laws regulating any activity relating to the requested information. Any such Federal of State agency shall keep the information confidential to the extent provided by law, and shall not be subject to this order.

(Doc. 18-6 at ¶ 8.)

With respect to the government's initial objection to including financial information in the designation of Confidential Information, the undersigned finds the objection, in part, well taken.

The Court may, in the interests of justice, enter a protective order to protect a party from annoyance, embarrassment, oppression or undue burden. *See* Fed. R. Civ. P. 26(c).

Rule 26(c) places the burden of persuasion on the party seeking the protective order. *See Cippolone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Courts have recognized that the disclosure of personal financial information may be subject to a protective order in order to protect a person from embarrassment. *See Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 135, 144 (D.N.J. 1998). Where the party seeking protection is a public person (or entity), however, the privacy interests associated with avoiding embarrassment are diminished. *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 789 (3d Cir. 1994.)) Indeed, the Sixth Circuit has noted that public corporations are "required by a myriad of laws and regulations to report in considerable detail their financial dealings," and, thus, such information may already be a part of the public domain. *In re Perrigo Co.*, 128 F.3d 430, 440 (6th Cir. 1997).

Accordingly, the Court will enter a protective order which does not include "University Hospital's financial information" in the definition of "Confidential Information."[1]

With respect to the requirement that a party, upon production, must designate information as confidential, the parties have since agreed that such designation shall not be required. Counsel have represented to the Court that, even in the absence of a specific

---

[1] In the event that University Hospital, Inc. ("UHI") acted under a misapprehension that the government did not oppose the inclusion of financial information in the protective order, and thus failed to evidence a need for confidentiality of financial information sufficient to meet its burden under Fed. R. Civ. P. 26(c), UHI is not prevented from seeking a modification to extend the scope of the protective order to include "University Hospital financial information."

pre-production designation, any information falling within the covered categories of "Confidential Information" will be handled as confidential (without pre-production designation).

The third objection is the most troubling. UHI contends that confidential information produced in this case should only be used for purposes of this litigation. (*See* Doc. 20-13 at 13.) UHI argues that allowing disclosure, as the government proposes, is inconsistent with legislation enacted to protect the privacy of personal patient healthcare and educational information, *i.e.*, 42 U.S.C. § 1320d, *et seq.* (the Health Insurance Portability and Accountability Act ("HIPAA")), and 20 U.S.C. § 1232g (the Family Educational Rights and Privacy Act ("FERPA")).

The government maintains that it should be permitted to disclose confidential information "to any Federal or State agency with authority to enforce laws regulating any activity relating to the requested information." (*See* Doc. 18-6 at ¶ 8). The government argues that the proposed language is consistent with both HIPAA and FERPA, that neither statute confers an evidentiary privilege, and that such language is necessary to preserve its ability to meet its obligations to enforce the laws of the United States.

The government relies on the opinion issued in the case of *United States ex rel. Kaplan v. Metropolitan Ambulance & First Aid Corp.*, 395 F. Supp. 2d 1 (E.D.N.Y. 2005), contending that, according to *Kaplan*, any protective order governing the use of confidential patient medical records must preserve the government's ability to disclose

the records to other agencies or departments of the United States. *See* 395 F. Supp. 2d at 1-2.

However, the undersigned is not persuaded by the arguments of the government and finds that its reliance on *Kaplan* is misplaced. In *Kaplan*, the court focused its concern on the ability of the Department of Justice, as a health oversight agency, to carry out its obligations under 45 U.S.C. § 164.512(d). *See id.* at 4. The court in *Kaplan* noted that confidential records could be disclosed pursuant to § 164.512(d)(1):

> [w]here the individual is not the subject of the activity or investigation, or where the investigation or activity relates to[:] (a) [t]he receipt of health care; (b) a claim for public benefits related to health; or (c) qualification for, or receipt of public benefits or services where a patient's health is integral to the claim of benefits or services. 65 Fed. Reg. 82462, 82529.

*Id.* at 5. The court noted further that, "[i]n this case, the government's investigation of defendants' alleged fraudulent acts clearly relates to 'qualification for, or receipt of public benefits or services where a patients [sic] health is integral to the claim of benefits or services.'" *Id.* (emphasis supplied).

In the present case before this Court, there is no showing that any comparable basis exists to warrant the inclusion of the government's proposed provision. The present litigation does not *in any way* involve "the government's investigation of defendants' alleged fraudulent acts," and the present case is concerned only tangentially with "the receipt of health care." The issues in the present case revolve instead on the status, whether "student" or "employee," of certain individuals involved in the provision of such

care. In this context, the government's broadly stated and ill-defined interests in health oversight and law enforcement do not, in the present case, outweigh the privacy concerns behind HIPAA and FERPA.

The Court finds, moreover, that the inclusion of the language which is proposed by the government would "vitiate[] the entire concept of a confidentiality agreement," which agreement is expressly required by both HIPAA and FERPA. *See Albany Med. Ctr. v. United States*, No. 1:04-cv-1399 (N.D.N.Y. May 11, 2006) (order of the magistrate judge) (Doc. 24-2); *see also United States v. Miami University*, 294 F.3d 797, 806-07 (6th Cir. 2002).

Nonetheless, in recognition that a confidentiality order can be modified where the circumstances or a compelling need warrants the requested modification, *see United States v. Kentucky Utils. Co.*, 927 F.2d 252, 255 (6th Cir. 1991), the protective order will include a provision pursuant to which the government may seek leave of Court to disclose confidential information to "any Federal or State agency with authority to enforce laws regulating any activity relating to the requested information."

Accordingly, for the reasons stated, the Court will enter a protective order consistent with this Order.

Additionally, consistent with the parties' representations in open court that they will undertake to resolve the motion to compel extrajudicially, **IT IS HEREBY ORDERED** that the motion to compel (Doc. 18) is **DENIED** without prejudice to

renewal should circumstances so require.

**IT IS SO ORDERED.**


Date:   7/28/06                              s/Timothy S. Black
                                            Timothy S. Black
                                            United States Magistrate Judge