UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:05-cv-445 |
| | : | |
| Plaintiff, | : | Beckwith, C.J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| UNIVERSITY HOSPITAL, INC., | : | |
| | : | |
| Defendant. | : | **ORDER** |

University Hospital, Inc. ("University Hospital") has moved for this order addressing the protection of confidential information, and the United States of America has agreed that entry of a protective order is appropriate; however, the parties have disagreed as whether or not certain provisions should be included in such an order, which disagreements the Court hereby resolves in entering this Order.

1. For purposes of this Order, documents and information produced by the University Hospital that include: (a) individually identifiable healthcare information; or (b) individually identifiable resident's information relating to their participation in the residency program sponsored by University Hospital (other than Directory Information), shall be referred to as "Confidential Information."

2. This Order shall not affect Plaintiff's use, retention or disclosure of documents or other information developed or obtained independently of the discovery in this case.

3. The Plaintiff shall not use the Confidential Information for any purpose other than the preparation or prosecution in this case of any claim or defense.

4.  Plaintiff shall disclose Confidential Information only to the following persons and only after they have agreed to abide by the terms of this Protective Order: (a) counsel who have entered an appearance in this case on behalf of Plaintiff (hereinafter "Plaintiff's Counsel") including their associated attorneys, paralegals, other professional personnel (including support staff), and employees of the United States Department of Justice and the Internal Revenue Service who are directly assisting in the representation of the parties in this action; (b) independent experts and consultants and their staffs, where such experts and consultants have been retained to evaluate the Confidential Information for purposes of this case; (c) deponents in this case and witnesses who will testify at trial; (d) individuals whom Plaintiff's Counsel reasonably believes are actual or potential witnesses in this case; (e) the Court, court personnel, and court reporters and videographers employed in connection with this case; and (f) others with the express, written consent of University Hospital. All persons who receive Confidential Information from Plaintiff shall not use the Confidential Information for any purpose other than the prosecution of this case of any claim or defense. All persons who receive Confidential Information from Plaintiff shall not disclose Confidential Information to anyone other than the persons listed above and only after those recipients have agreed to abide by the terms of this Order.

5.  When filing papers with the Court that contain Confidential Information, counsel shall deliver such materials to the Court in a sealed envelope clearly marked "Confidential – To be Filed Under Seal," or they may be filed according to such other procedure as is agreed to by the parties or directed by the Court. Whenever a paper is filed

under seal, a copy from which the Confidential Information has been redacted will be filed in the public file for the action.

6. The Confidential Information includes information governed by the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. To protect the confidentiality of this information in manner consistent with FERPA, prior to the disclosure of such information to Plaintiff, University Hospital shall take reasonable efforts to send notices to the last known address of the residents who participated in the residency program sponsored by University Hospital during the period 1997-1998, 1998-1999, 1999-2000, 2000-2001, 2001-2002, 2002-2003, and 2003-2004. That notice shall advise the resident that information related to their participation in the residency program may be produced as part of the discovery of this case unless they file a written objection to the release of the information with University Hospital within two calendar weeks of the date of the letter. If any person files such an objection, University Hospital and Plaintiff will attempt to resolve any objections raised by any individual resident prior to bringing this matter to the attention of the Court. If the objection cannot be resolved in a manner agreeable to any resident who objects, University Hospital, and Plaintiff, the matter shall be brought to the attention of the Court for review. Compliance with these provisions shall satisfy the parties' obligations under FERPA. In addition, if later in this case, persons and organizations who are not parties in this case are asked to produce information governed by FERPA concerning individuals in residency programs sponsored by University Hospital, the notice provided by University Hospital referred to in this paragraph shall be deemed to have satisfied the third parties'

obligations under FERPA.

7. The parties have not sought, and this Court has not ordered, that all information produced in this case should be subject to this Order. Rather, for good cause shown, the parties and the Court have limited this Order to narrow categories of documents. For these reasons, and for good cause shown, this Court now grants ths Order.

8. Notwithstanding the limitations on disclosure described in this Order, if, during the course of this litigation, Plaintiff's Counsel should determine that any document containing Confidential Information is relevant to any other civil or criminal action, counsel may apply to the Court for an *in camera* review to obtain leave to disclose such information to any Federal or State agency with authority to enforce laws regulating any activity relating to such information.

9. Upon the conclusion of this litigation and all appeals, copies of all documents containing Confidential Information shall be (a) returned to counsel for the producing party, or (b) destroyed by the parties and their counsel, provided, however, that the parties' counsel may retain copies of all wok product, court filings, transcripts, exhibits, and other documents required to be maintained by written Department of Justice record retention policy as necessary for an understanding of the case, provided that all Confidential Information contained in such retained material is maintained in accordance with the provisions hereof.

**IT IS SO ORDERED**.

Date: 7/28/06               s/Timothy S. Black
                            Timothy S. Black
                            United States Magistrate Judge